1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP
   Assistant U.S. Attorney
   Arizona State Bar No. 014249
   Kevin.Rapp@usdoj.gov
4  Two Renaissance Square
   40 North Central Avenue, Suite
5  Phoenix, Arizona 85004
   Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 08-256-7-PHX-SMM |
|---|---|
| Plaintiff, | **GOVERNMENT'S MEMORANDUM RE: STATUS OF CASE** |
| v. | |
| John H. Webber III, | |
| Defendant. | |

The United States of America hereby submits a Memorandum re: Status of Case. Defendant Webber's sentencing is currently scheduled for March 22, 2010. For the reasons set forth in the attached memorandum, the government requests that the court accept the defendant's plea agreement and defer his sentencing date to August 3, 2011.

Respectfully submitted this 16th day of March, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

# **MEMORANDUM**

## **I. Background**

Defendant John Webber, III was arrested on June 18, 2008 for his involvement in a mortgage fraud scheme detailed in the indictment. Prior to and following his arrest, defendant cooperated with investigating agents by providing information related to defendants charged in the instant case.[1] The defendant entered into a plea on August 3, 2009 that requires that his sentence be deferred for a period of two years. (*See* plea agreement p. 4 ¶ 3.) If the defendant is compliant with the terms set forth in the plea agreement the plea and indictment will be dismissed. (*See* plea at p. 5 ¶ 3(b)). However, if the court determined that the defendant violated any term of the plea, he could be sentenced to prison.

## **II. The government urges the court to accept the plea agreement.**

The defendant has received a favorable plea agreement. Based on his cooperation and his limited involvement in the criminal activities, compared to the other co-defendants, the agreement is an appropriate disposition. As detailed in the PSR, defendant was a friend of co-defendant Amanda Adorno. He was recruited into the scheme initially as a straw buyer by Adorno and Marcus Branch. When his credit was not sufficient, he recruited Christine Shiplett. With the assistance of Adorno, Branch and Webber, Shiplett purchased four homes that eventually went into foreclosure. Webber and Shiplett received a portion of the equity in the homes that was intended to be used for mortgage payments, but instead spent the money on personal expenses. By Webber's own admission, he later determined that the real estate transactions were not legitimate but nevertheless allowed the proceeds from the transactions to be deposited into his bank account. This activity formed the basis for his guilty plea to money laundering.

The government urges the court to accept the plea for the following reasons. First, after before and after his arrest defendant cooperated with agents and agreed to testify against other

---

[1] It is premature to evaluate Webber's cooperation under U.S.S.G. 5K1.1 as the plea agreement contemplates that he will not be sentenced – if at all – for a period of two years. Moreover, his cooperation was limited due to his marginal involvement in the conspiracy.

1  co-conspirator. Second, in comparing his activities to the others involved in the conspiracy
2  including the charged co-defendants, defendant did not profit from cash back transactions to the
3  same degree. Additionally, he possessed no specialized skill that would allow him to appreciate
4  the significance of the transactions. Indeed, Webber was taking his direction from Adorno who
5  was relatively new to the real estate industry.

6  Webber's involvement in the criminal activities is distinguishable from the other
7  defendants such that his plea is agreement is an appropriate disposition of the case. As detailed
8  above, Webber was marginally involved in the conspiracy and based on the number co-
9  conspirators could just as easily not been charged. For example, Shiplett who was recruited by
10 Webber signed four loan applications containing false information and was not charged with any
11 offenses.[2] Although Webber profited from the transactions involving Shiplett, when the houses
12 went into foreclosure it was Shiplett's credit that was destroyed *not* Webber's . Instead Webber's
13 conduct is similar to that of defendant Stephanie McWilliams who was a straw buyer on several
14 homes but also falsely verified employment for other straw buyers. McWilliams also received
15 a deferred sentencing agreement.

16  Webber, however, is distinguishable from McWilliams as he has a significant criminal
17 history. First, Webber was on parole from the Kentucky for a drug trafficking offense when he
18 was engaging in the real estate transactions with Shiplett. (*See* PSR ¶ 32) He also has had
19 additional contact with the criminal justice system for most of his adult life. (*See* PSR ¶s 33-44)
20 A violation of his parole on the instant offense would result in a lengthy sentence of
21 incarceration. However, whether his plea here will result in a parole violation remains to be seen.
22 As Webber is residing in Phoenix and has a substantial criminal history, it is appropriate that he
23 be supervised on pretrial release for a period of two years in addition to being on parole.

24  In the final analysis, Webber's criminal history, characteristics and unstable employment
25 does not inspire confidence that he will remain compliant while under the supervision. A
26 violation of his plea agreement will both result in a lengthy sentence in this case and a parole

---

[2] Shiplett testified at trial. Indeed, numerous straw buyer involved in the case submitted multiple loan applications containing false information but were not charged with a criminal offense.

violation for his Kentucky case. In the final analysis, Webber has a substantial incentive to comply with the terms of his plea and remain law abiding.

### III. Conclusion

The government urges the court to accept the plea and continue Webber's sentence for a period of twenty-four months.[3] If Webber remains compliant with his pretrial conditions and satisfies the additional terms, then it is the intent of the government to dismiss the plea and the indictment. The defendant understands, however, that if he were to violate any term of his plea agreement he could be sentenced to the applicable sentencing guidelines.

Respectfully submitted this 16th day of March, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

s/Kevin M. Rapp

KEVIN M. RAPP
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Due to this documentation being filed under seal, I hereby certify that on March 16, 2010, I electronically transmitted the attached document to the clerk's office using the CM/ECF System for filing sealed documents, sent the attached document (via U.S. Postal Service) to the following CM/ECF registrants: Patricia A. Gitre

By: Michelle Colberg

---

[3] If the court accepts the plea, the defendant's sentencing date would be August 3, 2011– which is two years from the date of defendant's change of plea.